**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENVIRONMENT SENSOR SYSTEMS LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER INDUSTRIES, INC., a Delaware Corporation; SITEONE LANDSCAPE SUPPLY, LLC, a Delaware Limited Liability Company; and JOHN DOES 1 - 10,<br><br>Defendants. | Civil Action No. 2:16-cv-00480-JRG-RSP<br><br>**DEMAND FOR JURY** |

**SITEONE LANDSCAPE SUPPLY, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant SiteOne Landscape Supply, LLC ("SiteOne") answers the Complaint of Plaintiff Environment Sensor Systems LLC ("ESS") as follows:

**PARTIES**

1. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies them.

3. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies them.

4. SiteOne admits that it is a Delaware limited liability company with at least two branch locations in the Eastern District of Texas. SiteOne further admits it has branch locations in other parts of Texas. SiteOne lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations set forth in Paragraph 4 of the Complaint and therefore denies them.

5. SiteOne admits the allegations set forth in Paragraph 5 of the Complaint.

6. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

7. SiteOne admits that it has branch locations at 5360 Washington Blvd, Beaumont, TX 77707 and 1913 Deerbrook Dr., Tyler TX 75703 and that it has sold Hunter Industries, Inc.'s ("Hunter") Solar Sync product at these branch locations. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint and therefore denies them.

8. SiteOne admits that Hunter's Solar Sync product has been purchased at SiteOne's branch locations at 5360 Washington Blvd, Beaumont, TX 77707 and 1913 Deerbrook Dr., Tyler TX 75703. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies them.

9. SiteOne admits that it sells or has sold Hunter's Solar Sync product at its branch locations at 5360 Washington Blvd, Beaumont, TX 77707 and 1913 Deerbrook Dr., Tyler TX 75703. SiteOne denies that it "sells or has sold infringing Hunter products, including at least the Hunter Solar Sync sensor." SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies them.

10. SiteOne denies that the Hunter SolarSync product is an infringing product. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and therefore denies them.

11. SiteOne denies that the Hunter SolarSync product is an infringing product. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint and therefore denies them.

12. SiteOne denies that the Hunter SolarSync product is an infringing product. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and therefore denies them.

13. SiteOne denies that the Hunter SolarSync product is an infringing product. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and therefore denies them.

14. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies them.

15. SiteOne admits the allegations set forth in Paragraph 15 of the Complaint.

16. SiteOne denies the allegations set forth in Paragraph 16 of the Complaint.

## GENERAL ALLEGATIONS

17. SiteOne admits that, on its face, U.S. Patent No. 7,231,298 ("the '293 Patent") is entitled "Environment Detection System." SiteOne further admits that Exhibit A attached to the Complaint appears to be a copy of the '298 Patent. SiteOne lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations of Paragraph 17 of the Complaint and therefore denies them.

18. SiteOne admits that, on its face, the '298 Patent states that the application for the patent was filed on January 22, 2004. SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint and therefore denies them.

19.    SiteOne admits that, on its face, the '298 Patent has an issue date of June 12, 2007.

20.    SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies them.

21.    SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies them.

22.    SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies them.

## CLAIM 1
## (PATENT INFRINGEMENT - AGAINST ALL DEFENDENTS)

23.    SiteOne hereby incorporates by reference its answers to Paragraphs 1-22 of the Complaint as though fully set forth herein.

24.    SiteOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies them.

25.    SiteOne denies the allegations set forth in Paragraph 25 of the Complaint.

26.    SiteOne denies the allegations set forth in Paragraph 26 of the Complaint.

27.    SiteOne denies the allegations set forth in Paragraph 27 of the Complaint.

28.    SiteOne denies the allegations set forth in Paragraph 28 of the Complaint.

29.    SiteOne denies the allegations set forth in Paragraph 29 of the Complaint.

30.    SiteOne denies the allegations set forth in Paragraph 30 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

SiteOne denies that ESS is entitled to any relief in this action, and particularly, ESS is not entitled to the relief requested in its Prayer for Relief.

## JURY DEMAND

SiteOne admits that ESS has requested a trial by jury on all claims and issues so triable.

## AFFIRMATIVE DEFENSES

SiteOne alleges and asserts the following defenses in response to the allegations of ESS, undertaking the burden of proof only as to those defenses deemed affirmative by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

31. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Patent Invalidity)

32. One or more claims of the '298 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

33. SiteOne has not infringed and does not infringe, directly or indirectly, any valid claim of the '298 Patent, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Marking and Damages Limitations)

34. To the extent that ESS has failed to comply with any applicable provisions of 35 U.S.C. § 287, ESS's claims for damages arising from the alleged infringement of the '298 Patent are limited pursuant to 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches/Waiver/Estoppel)

35. ESS's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

36. ESS's enforcement of the '298 Patent against SiteOne is barred by the doctrine of prosecution history estoppel by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that resulted in issuance of the '298 Patent, as shown by the prosecution history thereof, disclosure or language in the specification of the '298 Patent, and/or limitations in the claims of the '298 Patent.

### RESERVATION OF DEFENSES

37. SiteOne reserves the right to revise, supplement, or amend its Answer and Defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United states, and/or in equity, that may exist or may in the future be available based on discovery and/or further investigation in this case.

### COUNTERCLAIM

SiteOne hereby asserts the following counterclaim against ESS and alleges as follows:

### PARTIES

1. Counterclaimant SiteOne is a Delaware limited liability company having a principal place of business at 300 Colonial Center Parkway, Suite 600, Roswell, Georgia 30076.

2. Upon information and belief, Counterdefendant ESS is a Texas limited liability company.

### JURISDICTION AND VENUE

3. This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 based on an actual, justiciable controversy concerning the validity and infringement of U.S. Patent No. 7,231,298 ("the '298 Patent").

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. This Court has personal jurisdiction over ESS because, among other things, ESS has availed itself of the jurisdiction of this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, but the Southern District of California is more convenient for the parties and witnesses.

## COUNT I
**(Declaration of Non-Infringement of U.S. Patent No. 7,231,298)**

6. SiteOne realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 5 above.

7. ESS alleges in its Complaint that it is the owner of the '298 Patent, entitled "Environment Detection System," and which bears an issue date of June 12, 2007.

8. ESS has sued SiteOne in the present action, alleging infringement of the '298 Patent.

9. SiteOne does not infringe, has not infringed, and does not and has not induced or contributed to infringement of any valid claim of the '298 Patent, either literally or under the doctrine of equivalents, either willfully or otherwise.

10. Thus, an immediate, real, and justiciable controversy exists between ESS and SiteOne with respect to the alleged infringement of the '298 Patent.

11. SiteOne requests declaratory judgment that it does not infringe, directly or indirectly, any valid claim of the '298 Patent.

## COUNT II
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,231,298)**

12. SiteOne realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 11 above.

13.     Each asserted claim of the '298 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.     An immediate, real, and justiciable controversy exists between ESS and SiteOne with respect to the invalidity of the '298 Patent.

15.     SiteOne requests declaratory judgment that each asserted claim of the '298 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, SiteOne prays for the following relief:

A.     That ESS take nothing by way of its Complaint and that the same be dismissed with prejudice;

B.     That a judgment be entered declaring that SiteOne has not infringed the '298 Patent;

C.     That a judgment be entered declaring that the asserted claim(s) of the '298 Patent are invalid;

D.     That a judgment be entered declaring that this is an exceptional case under 35 U.S.C. § 285 and that SiteOne is entitled to its reasonable attorneys' fees and costs in defense of ESS's claims; and

E.     That the Court award SiteOne such other and further relief as the Court deems just and proper.


/ / /

/ / /

/ / /

Dated: July 11, 2016    By: */s/ Marko R. Zoretic*
Craig S. Summers
craig.summers@knobbe.com
CA State Bar No. 108688
*(Admitted to practice in the Eastern District of Texas)*
Joseph S. Cianfrani
joe.cianfrani@knobbe.com
*(Admitted pro hac vice)*
Marko R. Zoretic
marko.zoretic@knobbe.com
*(Admitted pro hac vice)*
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

LOCAL COUNSEL:

Herbert A. Yarbrough, III
trey@yw-lawfirm.com
Bar No. 22133500
Dallas W. Tharpe
dallas@yw-lawfirm.com
Bar No. 24052036
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191

Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY, LLC

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant SiteOne Landscape Supply, LLC hereby demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

Dated: July 11, 2016　　　　　By: */s/ Marko R. Zoretic*
　　　　　　　　　　　　　　　　Craig S. Summers
　　　　　　　　　　　　　　　　craig.summers@knobbe.com
　　　　　　　　　　　　　　　　CA State Bar No. 108688
　　　　　　　　　　　　　　　　*(Admitted to practice in the Eastern District of Texas)*
　　　　　　　　　　　　　　　　Joseph S. Cianfrani
　　　　　　　　　　　　　　　　joe.cianfrani@knobbe.com
　　　　　　　　　　　　　　　　*(Admitted pro hac vice)*
　　　　　　　　　　　　　　　　Marko R. Zoretic
　　　　　　　　　　　　　　　　marko.zoretic@knobbe.com
　　　　　　　　　　　　　　　　*(Admitted pro hac vice)*
　　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　　2040 Main Street, Fourteenth Floor
　　　　　　　　　　　　　　　　Irvine, CA 92614
　　　　　　　　　　　　　　　　Telephone: (949) 760-0404
　　　　　　　　　　　　　　　　Facsimile: (949) 760-9502

LOCAL COUNSEL:

Herbert A. Yarbrough, III
trey@yw-lawfirm.com
Bar No. 22133500
Dallas W. Tharpe
dallas@yw-lawfirm.com
Bar No. 24052036
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191

Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY, LLC

## **CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on July 11, 2016, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).  Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.


                                          */s/ Marko R. Zoretic*
                                          Marko R. Zoretic

23530232